UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED AIRLINES, INC, et al.,<br><br>   Defendants. | Case No. 25-cv-03784-SVK<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE**<br><br>Re: Dkt. No. 10 |

On May 28, 2025, the Court denied Plaintiff Sergey Firsov's application to proceed *in forma pauperis* ("IFP") and set a deadline of June 18, 2025 for Plaintiff to pay the filing fee. Dkt. 7. Plaintiff subsequently filed a motion for reconsideration, which the Court denied. Dkt. 8, 9. Now before the Court is Plaintiff's motion to disqualify the undersigned magistrate judge. Dkt. 10. For the reasons that follow, the motion is **DENIED**.

  **A.**  **Legal Standard**

In Plaintiff's motion, which is titled "Motion to Disqualify Judge for Cause under 28 U.S.C. § 455," Plaintiff seeks to disqualify the undersigned magistrate judge "for violation of Rules of Court, Code of Judicial Ethics, improper conduct, prejudgment and bias against Plaintiff." Dkt. 10 at 1. Under 28 U.S.C. § 455, a federal judge must disqualify herself in "any proceeding in which [her] impartiality might reasonably be questioned," including where "[she] has a personal bias or prejudice concerning a party." The standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). What matters "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The bias or prejudice that must be shown is not merely a favorable or unfavorable disposition toward a party, but rather a "favorable or unfavorable disposition or

1  opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it
2  rests upon knowledge that the subject ought not to possess." *Id*. at 550 (emphasis in original).  For
3  this reason, motions for disqualification are "limited by the 'extrajudicial source' factor which
4  generally requires as the basis for recusal something other than rulings, opinions formed or
5  statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913–14 (quoting
6  *Liteky*, 510 U.S. at 554–56). A judge should not disqualify herself when the facts do not warrant
7  disqualification, as there is an equally compelling obligation not to recuse where it is not
8  appropriate. *Id*. at 912 ("We are as bound to recuse ourselves when the law and facts require as
9  we are to hear cases when there is no reasonable factual basis for recusal.").

### B.   Analysis

The Court's conduct does not warrant disqualification because it does not meet the foregoing standards for disqualification.  Plaintiff's motion for disqualification focuses on two assertions:  (1) that the Court prevented issuance of the summons, which has made Plaintiff unable to serve Defendant; and (2) that the Court should have sealed Plaintiff's IFP application.  Dkt. 10 at 1-3.  Plaintiff argues he "should not ask judge to issue summons and seal application IFP, this is the court's DUTY" and "Plaintiff not believe this judge anymore that (sic) next hearing will be fair." *Id.* at 3.

In light of the Court's denial of Plaintiff's IFP application, he is not entitled to issuance of the summons unless and until he pays the filing fee.  Although any person may, at the commencement of an action, file an IFP application if they want the Court to authorize prosecution or defense of the action without payment of fees, if an IFP application is denied, as it was in this case, the action may be dismissed unless any outstanding fees are paid within the time set in the order.  *See* Civ. L.R. 3-10 (a), (c).

Plaintiff's assertion that the Court was obligated to seal the IFP motion he filed in the public record is incorrect because Plaintiff has not filed a motion to seal or demonstrated that the standards for sealing have been met here.  *See* Civ. L.R. 79-5.

Accordingly, the Court **DENIES** Plaintiff's motion to disqualify.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify the undersigned magistrate judge is **DENIED**. The deadline of **June 18, 2025** for Plaintiff to pay the filing fee remains in place. If he fails to pay the filing fee by the deadline, the Court will issue an order that this case be reassigned to a District Judge with a recommendation that the case be dismissed without prejudice.

**SO ORDERED.**

Dated: June 12, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3