UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV,<br>　　　　Plaintiff,<br>　　v.<br>UNITED AIRLINES, INC, et al.,<br>　　　　Defendants. | Case No. 25-cv-03784-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT**<br><br>[Re: ECF No. 12] |

Before the Court is Plaintiff Sergey Firsov's ("Plaintiff"), proceeding *pro se*, motion to withdraw consent to magistrate judge jurisdiction. ECF 12 ("Mot."). For the reasons explained below, the Court DENIES Plaintiff's motion to withdraw consent.

I. **BACKGROUND**

In his complaint, Plaintiff alleges that, on February 7, 2025, Plaintiff tried to purchase a round-trip ticket "SFO-WAW-SFO" on www.united.com for $789, but payment failed. ECF 1, Complaint ("Compl.") at 3. Plaintiff alleges that he later contacted Lufthansa Airlines for the same trip, but Lufthansa would charge a fare of $3000. *Id.* Plaintiff alleges that he later purchased four separate tickets for his trip for "much more." *Id.*

On May 1, 2025, Plaintiff brought this lawsuit against United Airlines and Lufthansa Airlines (collectively, "Defendants"). *Id.* at 1-2. On the same day, Plaintiff filed a Motion for Leave to Proceed in *forma pauperis* ("IFP") at ECF 2, and his Consent to Magistrate Judge Jurisdiction for all purposes at ECF 3.

On May 28, 2025, the Court denied Plaintiff's IFP Application because Plaintiff failed to establish that he could not pay the filing fee, and set a deadline of June 18, 2025, for Plaintiff to pay the filing fee of $405.00. ECF 7. On June 2, 2025, Plaintiff filed a Motion for Reconsideration of the Court's

Order Denying Plaintiff's IFP Application. ECF 8. On June 5, 2025, the Court denied Plaintiff's Motion for Reconsideration. ECF 9. The Court considered Plaintiff's resources, and found that "he has not shown that he could not afford to pay the Court filing fee if he adjusted or deferred other of his discretionary expenses." *Id.* On June 9, 2025, Plaintiff filed a Motion to Disqualify Judge for Cause under 28 U.S.C. § 455. ECF 10. On June 12, 2025, the Court denied Plaintiff's Motion to Disqualify Judge. ECF 11. On June 16, Plaintiff filed a Motion to Withdraw Consent to a magistrate judge. ECF 12. On June 30, 2025, the magistrate judge referred plaintiff's Motion to Withdraw Consent to the undersigned judge. ECF 15.

## II. LEGAL STANDARD

A magistrate judge may conduct all proceedings upon the consent of all the parties in a civil action. 28 U.S.C. § 636(c)(1). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 2003). Federal Rule of Civil Procedure 73(b)(3) provides that only "the district judge may vacate a referral to a magistrate judge." "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." *Branch v. Umphenour*, 936 F.3d 994, 1001–02 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4)).

## III. DISCUSSION

Plaintiff argues that his income and expenses should be kept under seal. Mot. at 2. Plaintiff further argues that a summons should be issued. *See id.*

The Court finds that Plaintiff has failed to show good cause or extraordinary circumstances that warrant his withdrawal of consent to magistrate judge jurisdiction. Plaintiff's request is at best based on his disagreement with the denial of his IFP application and the magistrate judge's order requiring him to pay the filing fee before issuing summons. As the Court explained, because Plaintiff's IFP Application is denied, he is not entitled to issuance of the summons unless and until he pays the filing fee. ECF 11 at 2. Plaintiff's disagreement with the magistrate judge's ruling is insufficient. *See Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) ("Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice" the requirement for withdrawal of magistrate judge jurisdiction.). The Court notes that Plaintiff neither filed

2

1  a motion to seal his IFP application under Civ. L.R. 79-5 nor demonstrated that the standards for sealing
2  have met. *See* ECF 2. Thus, Plaintiff has failed to show how the magistrate judge "violated Plaintiff's
3  privacy" for not keeping his "income and expenses" under seal. *See* Mot. at 2.

### IV.  ORDER

For the foregoing reasons, the Court DENIES Plaintiff's motion to withdraw consent to magistrate judge jurisdiction. The Court returns this case to Judge van Keulen for further proceedings.

Dated:  July 2, 2025

_____
BETH LABSON FREEMAN
United States District Judge