# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV,<br>　　　　Plaintiff,<br>　v.<br>UNITED AIRLINES, INC, et al.,<br>　　　　Defendants. | Case No.  5:25-cv-03784-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS FEES**<br><br>[Re: ECF No. 28] |

Before the Court is Plaintiff Sergey Firsov's motion to recover costs for service of process under Federal Rule of Civil Procedure 4(d)(2). ECF No. 28 ("Mot."); *see also* ECF No. 44 ("Reply"). Defendants oppose the motion. ECF No. 41 ("Opp."). The motion is DENIED.

## I.      Legal Standard

Federal Rule of Civil Procedure 4 provides that a corporation "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Notice to a corporation must be given "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* 4(d)(1)(A)(ii). "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff." *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012). If a defendant "fails, without good cause," to waive service, then "the court must impose" the "expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2).

## II.     Discussion

Mr. Firsov alleges that "Defendants refused to cooperate and return Waiver of Summons in 60 days" and that each Defendant should accordingly be obligated to cover the cost of formal

service, which was $150 each.  Mot. at 1–2.  Defendants respond that Mr. Firsov failed to properly effectuate service, arguing that Mr. Firsov's proof of service shows only that he handed the summons to a ticket-counter "manager" at San Francisco International Airport.  Opp. at 2; *see also* Mot. at 1 ("Defendants were personally served Summons and Complaint in SFO airport to supervisors in uniform.").

Mr. Firsov's moving papers reflect at most an attempt to effectuate service on a branch or station manager who does not qualify as an officer, general manager, or authorized agent for service of process.[1]  *See, e.g.*, *Jimena v. UBS AG Bank, Inc.*, No. 07-cv-367-OWW, 2007 WL 1687045, at *12–13 (E.D. Cal. June 8, 2007).  Mr. Firsov has provided no evidence to the contrary and accordingly has not demonstrated that he made a proper request for waiver of service as is required for costs and fees to be recoverable under Rule 4(d)(2).  *Rollin*, 466 F. App'x at 667; *Gaby's Bags, LLC v. Mercari, Inc.*, No. 20-cv-734-WHA, 2020 WL 7664455, at *3 (N.D. Cal. Dec. 25, 2020).  "Because Mr. Firsov has not established that he complied with Rule 4(d)(1), he cannot be compensated for the formal cost of service."  *Firsov v. Scandinavian Airlines of N. Am., Inc.*, No. 25-cv-03691-EMC, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025).

### III. Order

Mr. Firsov's motion for service of process fees is DENIED.

**IT IS SO ORDERED.**

Dated:  October 14, 2025

BETH LABSON FREEMAN
United States District Judge

---

[1] Mr. Firsov's allegations are further rebutted by the accompanying declaration of Donald Walker, who is employed as an AO Operations Manager for Defendant United Airlines ("United") and has personal knowledge of Mr. Firsov's defective attempted service.  *See* Declaration of Donald Walker, ECF No. 41-1.  Mr. Walker attests that an individual who did not identify himself attempted to hand over "legal documents" to ticket agents, that this individual was advised that the documents could not be accepted and instructed to contact United's corporate office, and that this individual subsequently left the documents on the counter and walked away.  *Id.* ¶¶ 2–3.