UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED AIRLINES, INC, et al.,<br><br>   Defendants. | Case No. 5:25-cv-03784-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 52] |

Before the Court is pro se Plaintiff Sergey Firsov's motion for reconsideration of the Court's Order Denying Plaintiff's Motion for Service of Process Fees (ECF No. 48 ("Order")). *See* ECF No. 52 ("Mot.").

The Motion is DENIED.

## I. BACKGROUND

On October 14, 2025, the Court denied Mr. Firsov's motion for service of process fees because he had not demonstrated that he properly served Defendants as required for costs and fees to be recoverable under Federal Rule of Civil Procedure 4(d)(2). Order at 2. The Court noted that this was not the first time Mr. Firsov had moved unsuccessfully for service of process fees. *See id.* (citing *Firsov v. Scandinavian Airlines of N. Am., Inc.*, No. 25-cv-03691-EMC, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025)).

## II. LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

## III. DISCUSSION

Mr. Firsov first argues that he properly effectuated service on Defendants because the station manager his process server left documents with identified himself as a "supervisor." Mot. at 2. As the Court explained, such a supervisor does not qualify as an officer, general manager, or authorized agent for service of process under Rule 4(d)(1)(A)(ii). Mr. Firsov's argument represents at most his disagreement with the Court's prior resolution of the issue whether he properly served Defendants and is not a ground for reconsideration.

Mr. Firsov next argues that he was "not obligated to send all documents in one envelope" and "split[] Waiver and Summons." Mot. at 2. The Court agrees: Rule 4(d)(2) provides that a plaintiff may first request a waiver of service and—if the defendant fails to waive service without good cause—the plaintiff may move to recover costs after properly serving the defendant. The issue in this case, however, is that Mr. Firsov has not demonstrated that he properly served Defendants.

Finally, Mr. Firsov argues that, because Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") did not separately file an opposition brief to his original motion, Lufthansa has effectively agreed to reimburse him for the cost of service. Mot. at 2. Mr. Firsov has not complied with any of the requirements for seeking an entry of default or default judgment under Rule 55, nor has he demonstrated that he properly served Lufthansa.

## IV. ORDER

Mr. Firsov having failed to establish grounds for reconsideration, IT IS HEREBY ORDERED that the motion is DENIED.

Dated: October 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge