1

2

3                      **UNITED STATES DISTRICT COURT**

4                    **NORTHERN DISTRICT OF CALIFORNIA**

5                            **SAN JOSE DIVISION**

6

7    SERGEY FIRSOV,                          Case No.  5:25-cv-03784-BLF

8                    Plaintiff,

9         v.                                 **ORDER DENYING PLAINTIFF'S**
                                             **MOTION FOR SANCTIONS**
10   UNITED AIRLINES, INC, et al.,
                                             [Re:  ECF No. 64]
11                  Defendants.

12

13        Before the Court is pro se Plaintiff Sergey Firsov's motion for sanctions pursuant to

14   Federal Rule of Civil Procedure 11.  ECF No. 64 ("Mot.").  Defendant Deutsche Lufthansa

15   Aktiengesellschaft ("Lufthansa") opposes the motion.  ECF No. 79 ("Opp.").  The motion is

16   suitable for resolution without oral argument.  See Civ. L.R. 7-1(b).  The motion is DENIED.

17   **I.    BACKGROUND**

18        Mr. Firsov moves for sanctions on four grounds.  First, Mr. Firsov alleges that counsel for

19   Lufthansa "illegally and aggressively investigated Plaintiff's family life" by submitting a

20   declaration attaching the California Judicial Council List of Vexatious Litigants, on which his

21   name appears.  Mot. at 1.  Second, Mr. Firsov argues that counsel for Lufthansa engaged in bad

22   faith by submitting a declaration to the Court attaching a Lexis Nexis summary of search results

23   for litigation involving Mr. Firsov.  *Id.* at 2.  Third, Mr. Firsov argues that he "requested attorney

24   [sic] new hearing date because on 02/12/26 he will be in vacation, but they ignored him."  *Id.* at 3.

25   Finally, Mr. Firsov argues that counsel for Lufthansa "falsely stated in Motion to Dismiss, that

26   Lufthansa Airlines has registered agent 'CT Corporation' with address: 330 N Brand Blvd,

27   Glendale, CA 91203.  This is not correct information, because building is huge [sic] and correct

28   address is: 330 N Brand Blvd, Suite 700, Glendale, CA 91203."  *Id.* at 2–3.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.     LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose.  Fed. R. Civ. P. 11(b); *Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 542 (1991).  If a court finds a violation of this duty, it may impose appropriate sanctions to deter similar conduct.  Fed. R. Civ. P. 11(c)(1); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court.").  However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344.

## III.     DISCUSSION

None of the grounds Mr. Firsov cites in his Motion supports sanctions.  As to the first and second grounds for relief, the California Judicial Council List of Vexatious Litigants and Lexis Nexis litigation summary are matters of public record—to the extent that Mr. Firsov opines these constitute his family's "dirty laundry" he has only himself to blame.  As to the third ground for relief, while it is usually common courtesy for parties to reasonably respond to requests for such accommodations, the record shows that no such courtesy has been offered by Mr. Firsov throughout these proceedings.  Moreover, Mr. Firsov's "Notice of Unavailability" shows that he would like to be absent (on "vacation") for almost half of the next six months.  ECF No. 72. Defendants' failure to agree to change a hearing date where Mr. Firsov could have simply filed an administrative motion for a new hearing date is not sanctionable conduct.  Finally, as to the fourth ground for relief, Mr. Firsov does not provide any factual support from which the Court could infer that counsel for Lufthansa intentionally misrepresented the address by not including Suite 700 in their filing.

Lufthansa requests "the Court to consider sanctioning Plaintiff for bringing this motion . . .

to deter Plaintiff's abusive tactics." Opp. at 10.  A groundless Rule 11 motion is itself sanctionable under Rule 11.  *Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, No. 12-cv-02119-PHX-JAT, 2015 WL 751204, at *30 (D. Ariz. Feb. 23, 2015).  Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or brought for an improper purpose.  *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992).  Sanctions under Rule 11 may be imposed against a litigant who is proceeding pro se.  *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994).  The Court agrees that sanctions are required to deter Mr. Firsov's vexatious and abusive conduct.

In his motion, Mr. Firsov represents that another court in this district has held that he "can claim emotional distress and damages for his dogs." Mot. at 3.  This assertion is false—in that case Mr. Firsov cites, another district court granted him leave to assert amended claims after he initially named the incorrect defendant.  *See Firsov v. Scandinavian Airlines of North America, Inc.*, No. 25-cv-03691-EMC, ECF No. 34, at 4 (N.D. Cal. Sept. 25, 2025).  Mr. Firsov's citation to that case is particularly ironic, given that Mr. Firsov was recently sanctioned in that case for misrepresenting this Court's rulings.  *See* No. 25-cv-03691-EMC, ECF No. 58, at 4 (N.D. Cal. Nov. 6, 2025).  Accordingly, the Court grants Lufthansa's request for sanctions based on Mr. Firsov's filing of this motion to strike.  A motion for Rule 11 sanctions is a serious matter, the Court admonishes Mr. Firsov that any future abusive and bad-faith filings before the Court will be met with the imposition of additional sanctions.

## IV.   ORDER

The motion is DENIED.  Lufthansa is ORDERED to file within seven days of the date of this order a brief and declaration from counsel addressing the reasonable amount of attorneys' fees incurred in preparing its opposition to the motion for sanctions and providing information about the hourly rates and the number of hours spent.  Mr. Firsov will have one week to file a response.

Dated:  December 1, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3