UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV,<br>        Plaintiff,<br>v.<br>UNITED AIRLINES, INC, et al.,<br>        Defendants. | Case No. 5:25-cv-03784-BLF<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION**<br><br>[Re: ECF No. 94] |

Before the Court is pro se Plaintiff Sergey Firsov's motion to disqualify the undersigned. ECF No. 94 ("Mot."). The matter is suitable for adjudication without a hearing, and no response by Defendants is required. *See* Civ. L.R. 7-1(b). The motion is DENIED.

**I.      BACKGROUND**

On December 1, 2025, the Court denied Mr. Firsov's motion for Rule 11 sanctions. ECF No. 89. The Court also determined that sanctions against Mr. Firsov were necessary to deter his pattern of bad-faith, vexatious conduct in these proceedings, ordering Defendants to file by December 8, 2025, a brief and declaration addressing the reasonable amount of attorneys' fees incurred in opposing the motion for sanctions. *Id.* at 3. In its order, the Court provided that Mr. Firsov would have seven days after the date of Defendants' brief and declaration to file a response to show why sanctions should not be issued. *Id.* Defendants filed the brief and declaration pursuant to the order on December 5, 2025. ECF No. 90. Rather than filing a response, Mr. Firsov filed a motion for reconsideration, his fifth such motion in these proceedings. ECF No. 93. Mr. Firsov also moved to disqualify the undersigned. Mot. at 1.

**II.     LEGAL STANDARD**

"Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in

any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge "shall also disqualify [her]self . . . [w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b). This standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)).

"[T]he simple filing of an affidavit does not automatically disqualify a judge." *Malberg v. Cashen*, No. 22-cv-01788-BLF, 2022 WL 16839486, at *1 (N.D. Cal. Nov. 9, 2022) (quoting *United States v. Bray*, 546 F.2d 851, 859 (10th Cir. 1976)). If the judge finds the affidavit to be legally insufficient, the judge may deny the motion for recusal. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case."); *see also Davis v. Commissioner of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984) (noting that, "[u]nder the statutory standard for judicial disqualification, judges are charged with an affirmative duty to probe the legal sufficiency of petitioner's affidavit of prejudice and not to disqualify themselves unnecessarily"). [T]he party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. 07-cv-00915-JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007).

**III. DISCUSSION**

Mr. Firsov argues that disqualification is appropriate because the Court "protected opposite attorneys[] because in the past she was an attorney" and "admonished Plaintiff." Mot. at 3. Having considered Mr. Firsov's arguments, the Court finds that he has not demonstrated that disqualification is warranted under section 455. The Court finds that Mr. Firsov's motion is based on his disagreement with the Court's order denying his request for sanctions, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Holland*, 519 F.3d at 914 ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for

recusal . . . .").

## IV. ORDER

Because Mr. Firsov has failed to meet his burden to show that the undersigned is biased or prejudiced, or that her impartiality might reasonably be questioned, the Court DENIES Mr. Firsov's motion for disqualification.

Dated: December 11, 2025

_____
BETH LABSON FREEMAN
United States District Judge