UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC, et al.,<br><br>  Defendants. | Case No.  5:25-cv-03784-BLF<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS AND<br>DEFERRING PLAINTIFF'S MOTION<br>FOR LEAVE TO AMEND; ORDER TO<br>SHOW CAUSE WHY CASE SHOULD<br>NOT BE DISMISSED**<br><br>[Re:  ECF Nos. 27, 29, 53] |

Before the Court are three motions regarding pro se Plaintiff Sergey Firsov's five-count complaint.  Defendant United Airlines, Inc. ("United") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 27 ("United Mot."); ECF No. 50 ("United Reply").  Defendant Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6).  ECF No. 29 ("Lufthansa Mot."); ECF No. 59 ("Lufthansa Reply").  Mr. Firsov moves for leave to file an amended complaint.  ECF No. 53 ("Firsov Mot.").  Mr. Firsov opposes Defendants' motions to dismiss.  ECF No. 39 ("Opp. to United"); ECF No. 51 ("Opp. to Lufthansa").  Defendants oppose Mr. Firsov's motion for leave to amend.  ECF No. 77 ("United Opp."); ECF No. 78 ("Lufthansa Opp.").

The Court rules as follows.  United's motion is GRANTED.  Lufthansa's motion is GRANTED.  Each of Mr. Firsov's claims against Defendants is DISMISSED WITH PREJUDICE.  The Court DEFERS ruling on Mr. Firsov's motion for leave to amend; Mr. Firsov is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject-matter jurisdiction.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.    BACKGROUND

This case involves Mr. Firsov's travails in attempting to purchase a round-trip international plane ticket from San Francisco to Warsaw, Poland.  On February 7, 2025, United advertised a $789 fare for a round-trip ticket between San Francisco and Warsaw.  Mr. Firsov tried unsuccessfully to purchase the ticket online and then called United's help desk.  United's sales representative "blamed Lufthansa [A]irlines [with which United has a codeshare] and redirected [the] call."  Compl. at 3.  Lufthansa offered a ticket for the same route for $3000.  Mr. Firsov ultimately "followed their advises [sic] and purchased" a more expensive fare.  *Id.*

Mr. Firsov filed this complaint on May 1, 2025, alleging (1) false advertising, Cal. Bus. & Prof. Code § 17500; (2) violation of a regulation of the Department of Transportation ("DOT"), 14 C.F.R. § 399; (3) unfair and deceptive business practices under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and under the Federal Trade Commission Act, 15 U.S.C. § 45; (4) violation of the Sherman Act, 15 U.S.C. § 1; and (5) negligence.  Compl. at 4–8.

On September 22, 2025, United moved to dismiss pursuant to Rule 12(b)(6).  On September 29, 2025, Lufthansa, specially appearing, moved to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6).  On October 20, 2025, Mr. Firsov moved for leave to file an amended complaint to "fix error [sic] in breach of contract claim and add claim for breach of Covenant of good faith and fair dealing."  Firsov Mot. at 2.

## II.    UNITED'S RULE 12(B)(6) MOTION

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding whether to grant leave to amend, the Court considers the factors set forth by

the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Id.* at 1052.

**A.  Sherman Act Claim**

Mr. Firsov alleges that both United and Lufthansa, using a codeshare, "colluded" to restrict sales at the advertised price, and "forced" him to purchase more expensive tickets.  Compl. at 7.  United argues that the claim must be dismissed because Mr. Firsov fails to allege an unlawful agreement or a cognizable antitrust injury.  United Mot. at 5–6.  Mr. Firsov responds that he has alleged facts showing that "defendants violated Price-fixing:  Agreements among competitors to set prices [sic], which is considered a per se illegal violation of Section 1 of the Sherman Act."  Opp. to United at 5.

Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."  15 U.S.C. § 1.  A section 1 claim requires: (1) "an agreement, conspiracy, or combination between two or more entities"; (2) constituting "an unreasonable restraint of trade under either a per se or rule of reason analysis"; (3) that "affected interstate commerce."  A section 1 plaintiff must also allege facts showing actual injury to competition.  *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 46 (9th Cir. 2022); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

Dismissal is warranted for two independent reasons.  First, Mr. Firsov fails to plausibly allege an unlawful agreement between United and Lufthansa.  The complaint alleges only that representatives of each airline "blamed" the other airline and that Mr. Firsov was eventually forced to purchase a more expensive ticket.  Compl. at 3.  Such "conclusory allegations of parallel conduct will not suffice . . . 'to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.'"  *Solyndra Residual Tr. by & through Neilson v. Suntech Power Holdings Co.*, 62 F. Supp. 3d 1027, 1040 (N.D. Cal. 2014) (quoting *Twombly*, 550 U.S. at 556–57).  To the

United States District Court
Northern District of California

3

extent that Mr. Firsov alleges that the unlawful agreement in this case was United and Lufthansa's codeshare, that agreement cannot form the basis of a Sherman Act claim. DOT has expressly granted antitrust immunity to several airlines, including United and Lufthansa, for coordinated pricing, inventory, sales, and other forms of commercial integration on trans–Atlantic routes, subject to exceptions that are not applicable here. *See* DOT Order 2009-7-10, Docket No. OST-2008-0234.[1]

Second, Mr. Firsov does not allege an antitrust injury. Antitrust injury requires "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent." *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 456 (9th Cir. 2021) (quoting *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999)). Mr. Firsov alleges only his individual disappointment and "emotional distress" at the prospect of ostensibly being forced to overpay for a ticket. Compl. at 4. This is contrary to the requirement that an antitrust plaintiff "show injury to a market or to competition in general, not merely injury to individuals." *McElderry v. Cathay Pac. Airways, Ltd.*, 678 F. Supp. 1071, 1078 (S.D.N.Y. 1988).

### B. Remaining Federal Claims

Throughout the complaint, Mr. Firsov cites to a smattering of federal laws and regulations without making specific factual allegations showing how Defendants violated them or why he is entitled to relief. The Court construes the complaint as alleging that Defendants are liable for violations of 15 U.S.C. § 45, 49 U.S.C. § 41722, and 14 C.F.R. § 399. *See* Compl. at 5 (citing 14 C.F.R. § 399); *id.* at 6 (citing 49 U.S.C. § 41712 and 15 U.S.C. § 45). United argues that these claims must be dismissed because none of them confers a private right of action or federal subject matter jurisdiction. United Mot. at 6–7. Mr. Firsov does not contend that any of these laws confer a private right of action, stating that he "agree[s] to remove 14 C.F.R. Part 399 from [the] complaint, but [the] court should allow [him] to file [an] amended complaint." Opp. to United at 6.

---

[1] The Court takes judicial notice of the DOT Order as a matter of public record not subject to reasonable dispute. Fed. R. Evid. 201(b).

4

14 C.F.R. § 399, is a Statement of Policy promulgated by the DOT under its authority to prohibit unfair and deceptive practices in air transportation by the Federal Aviation Act, 49 U.S.C. § 41712. Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, authorizes the Federal Trade Commission to proscribe unfair methods of competition and unfair or deceptive acts or practices. Courts have consistently held that neither statute confers a private right of action. *See Yakub v. Qatar Airways Grp. (Q.C.S.C)*, No. 25-cv-04142-JCS, 2025 WL 1927599, at *6 (N.D. Cal. July 14, 2025) (49 U.S.C. § 41712); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (15 U.S.C. § 45). 14 C.F.R. § 399 similarly "does not contain any private remedies that would give rise to federal jurisdiction." *Yakub*, 2025 WL 1927599, at *6.

Mr. Firsov expressly concedes that 14 C.F.R. § 399 does not supply a right of action. Opp to United at 6. And in failing to respond to United's arguments as to 49 U.S.C. § 41712 and 15 U.S.C. § 45, Mr. Firsov similarly concedes that these statutes do not supply a private right of action. *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 338 F. Supp. 3d 995, 1005 (N.D. Cal. 2018), *aff'd*, 953 F.3d 655 (9th Cir. 2020) ("By failing to respond to the [Defendant's] contention, Plaintiffs have effectively conceded its validity.").

### C. State Law Claims

United argues that Mr. Firsov's remaining state law claims for false advertising, unfair competition, and negligence are preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. §§ 40101–44310. United Mot. at 8. In response, Mr. Firsov argues that ADA preemption does not apply because "price increased in 5 times [sic]" and because the ADA does not preempt regulations by the federal government. Opp. to United at 2–3.

The ADA expressly prohibits states from enacting or enforcing any law or regulation relating to "price, route, or service of an air carrier." *Jensen v. Virgin Atl.*, No. 12-cv-06227-YGR, 2013 WL 1207962, at *4 (N.D. Cal. Mar. 25, 2013) (quoting 49 U.S.C. § 41713(b)(1)). "Congress's intent in enacting the ADA was to deregulate the airlines and rely on market forces to provide variety and quality of air transportation service." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)).

United States District Court
Northern District of California

Each of Mr. Firsov's state law claims is directly "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). His false advertising claim alleges that he "has got emotional distress and financial lost [sic] because he has to spend much more to buy same itiniary [sic] on separate tickets." Compl. at 4. His UCL claim alleges that "Defendants advertised $789 fare and failed to sale ticket for this price." *Id.* at 6. His negligence claim states that Defendants' negligence "caused [him] financial harm, higher ticket price elsewhere." *Id.* at 8.

The Supreme Court has instructed courts to broadly construe the phrase "related to" in the ADA. *Morales*, 504 U.S. at 388. The Court has no trouble in concluding that Mr. Firsov's claims, which each focus on the purportedly unfair price he paid for his ticket, are accordingly preempted. *See Fernald v. Sw. Airlines Co.*, No. 11-cv-0453-AJB-POR, 2011 WL 13254382, at *2 (S.D. Cal. Sept. 28, 2011) ("[E]ven the advertising of fares has a direct link to prices." (citing *Morales*, 504 U.S. at 388–89); *Banga v. Gundumolgula*, No. 13-cv-667-MCE, 2013 WL 3804046, at *3 (E.D. Cal. July 19, 2013) ("Here, plaintiff asserts claims based on the UCL, which has been preempted by the ADA."); *Pica v. Delta Air Lines, Inc.*, No. 18-cv-2876-MWF-EX, 2018 WL 5861362, at *9(C.D. Cal. Sept. 18, 2018) ("Plaintiffs' negligence and negligence per se claims based on California common law . . . [are] preempted by the ADA.").

### D. Leave to Amend

While the Court is mindful of Mr. Firsov's pro se status and the fact that he has not had the opportunity to amend any of his five claims against United, the nature of his claims makes amendment futile. The only concerted action that Mr. Firsov could even conceivably allege on these facts has been expressly immunized from antitrust liability by Congress. Mr. Firsov's other federal claims are derived from statutes and regulations that do not supply a cause of action. And Mr. Firsov's state claims each relate to the price of his ticket and are preempted by the ADA. The Court accordingly will not grant leave to amend as to any of Mr. Firsov's claims against United.

### III. LUFTHANSA'S RULE 12(B)(2) MOTION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) requires the plaintiff to establish that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). When the defendant's motion is based solely on the pleadings, the plaintiff need only make a

prima facie showing of jurisdictional facts to withstand the motion to dismiss.  *Id.*  "[T]he plaintiff cannot 'simply rest on the bare allegations of [the] complaint,'" but when evaluating the plaintiff's showing, the court must accept uncontroverted allegations in the complaint as true and resolve factual disputes created by conflicting affidavits in the plaintiff's favor.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977)).

### A.  Personal Jurisdiction

Lufthansa contends that Mr. Firsov cannot establish either general or specific personal jurisdiction over Lufthansa, a foreign corporation duly organized and existing under the laws of the Federal Republic of Germany with its principal place of business in Cologne, Germany. Lufthansa Mot. at 4; *see also* ECF No. 29-1 ("Stevens Decl.") ¶ 5.  Lufthansa avers that none of its officers or directors reside or are domiciled in California and that its employees in California "have no connection, whatsoever, to the operative facts of this lawsuit."  Stevens Decl. ¶¶ 15–16. Mr. Firsov nonetheless responds that "personal jurisdiction is valid."  Opp. to Lufthansa at 5.

General personal jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State."  *Daimler*, 571 U.S. at 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific personal jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts.  *Id.* at 127–28.

Mr. Firsov barely addresses personal jurisdiction in his opposition brief.  Mindful of Mr. Firsov's pro se status, the Court liberally construes the following as Mr. Firsov's assertion that the Court may exercise specific personal jurisdiction over Lufthansa:

> According to common rule of contractual laws case may be filed in place, where contract; was made or where contract was violated. Defendant is registered in California and doing business here in SFO airport, having multiple everyday's flights to Germany.  Contract was concluded in San Jose, CA.  Plaintiff used California IP-address, California billing address, California credit card and California phone number registered in Santa Clara county, so personal jurisdiction is valid.  Lufthansa airlines is just 2nd Defendant.  Primary Defendant is United airlines, who is doing flights to-from San-Jose airport, CA.

Opp. to Lufthansa at 5 (errors in original).

United States District Court
Northern District of California

The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction over a non-resident defendant: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802.

The complaint fails the first prong of *Schwarzenegger* because Mr. Firsov simply does not allege that Lufthansa has taken any affirmative acts in California that are even tangentially related to the asserted claims. None of Mr. Firsov's arguments in opposing dismissal cure this fundamental defect. First, Mr. Firsov's invocation of contract law fails because he does not assert a claim for breach of contract in the complaint. The complaint contains no allegations that Lufthansa (rather than United) advertised the round-trip ticket to Warsaw, that Lufthansa advertised the ticket in California, or that Mr. Firsov entered a contract with Lufthansa. Second, Mr. Firsov's contacts with California have no bearing on whether the Court has personal jurisdiction over Lufthansa. *See Prime Healthcare Servs., Inc. v. Emblemhealth, Inc.*, No. 16-cv-1152-MWF-DTBX, 2016 WL 11771246, at *3 (C.D. Cal. Nov. 28, 2016). To the extent that Mr. Firsov argues that his purchase of the ticket in California creates personal jurisdiction over Lufthansa, he is wrong because his claims sound in false advertising by United. Finally, Mr. Firsov must separately establish the Court's jurisdiction over each Defendant; he cannot tack personal jurisdiction from a "Primary Defendant" onto a "2nd Defendant." *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("[J]urisdiction over each defendant must be established separately.").

Based on the foregoing, the Court concludes that Mr. Firsov has failed to make a prima facie showing of jurisdictional facts to withstand Lufthansa's motion to dismiss

### B.  Leave to Amend

The Court need not consider Lufthansa's remaining grounds for dismissal because it

concludes that Mr. Firsov has failed to establish that the Court has personal jurisdiction over Lufthansa.[2]  Ordinarily, the Court would be inclined to grant leave to amend to give Mr. Firsov the opportunity to adduce additional factual allegations as to Lufthansa's contacts with California as they relate to the claims in his complaint.  But because of the nature of Mr. Firsov's claims, which, as discussed *supra*, are variously based on immunized conduct, federal statutes and regulations lacking a private cause of action, and preempted state law claims, the Court finds that amendment would be futile and will dismiss each of Mr. Firsov's claims against Lufthansa without leave to amend.

## IV.     MR. FIRSOV'S MOTION FOR LEAVE TO AMEND

The Court ordinarily must grant a motion for leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1051–52.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.* at 1052.  However, a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

The Court has dismissed each of Mr. Firsov's claims against Defendants with prejudice, so all that remains is the issue whether to grant leave to file an amended complaint so that Mr. Firsov he can "fix error in breach of contract claim [sic] and add claim for breach of Covenant of good faith and fair dealing."  Firsov Mot. at 2.  As discussed above, the complaint does not include a breach of contract claim, so the Court construes Mr. Firsov's motion as a request to assert claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  United argues that Mr. Firsov's motion should be denied because the claims he proposes to add would also be preempted by the ADA.  United Opp. at 2–3.  Lufthansa argues that the motion should be denied because "[t]he procedural history both for this case and for [Mr. Firsov's] 21 other lawsuits

---

[2] As the Court has previously explained, it is clear that, by merely waltzing into San Francisco Airport and attempting to serve the complaint and summons on the first attendant at a ticket counter he can find, Mr. Firsov has also failed to properly effectuate service in this case.  *See* ECF No. 48 (explaining that a branch or station manager does not qualify as an officer, general manager, or authorized agent for service of process).

recently filed in the Northern District of California establishes that [he] is acting in bad faith and for an improper motive." Lufthansa Opp. at 2.

The Court is unable to consider whether the proposed amended complaint may be filed because Mr. Firsov has failed to submit a copy of the proposed pleading. Our local rules require parties "moving to file an amended pleading [to] reproduce the entire proposed pleading." Civ. L.R. 10-1. The motion is thus procedurally inadequate, and the Court declines to rule on the propriety of a proposed amendment without reviewing the claims Mr. Firsov proposes to add.

More fundamentally, however, the Court has serious concerns as to whether it even has jurisdiction over this case after dismissing all of Mr. Firsov's federal claims. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts have a continuing obligation to ensure that they have subject matter jurisdiction over a case. Fed. R. Civ. P. 12(h)(3). It seems highly unlikely that Mr. Firsov's proposed state law contract and implied contract claims (which are based on his having to pay $3,000 for a ticket) would plausibly satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 18 U.S.C. § 1332.

The Court will accordingly defer ruling on Mr. Firsov's motion until the Court is satisfied that it has subject-matter jurisdiction over this case. The first step will be to require Mr. Firsov to file his proposed amended complaint.

## V.  ORDER

For the reasons described above, IT IS HEREBY ORDERED that:

(1) United's motion is GRANTED. Lufthansa's motion is GRANTED. Each of Mr. Firsov's claims is DISMISSED WITHOUT LEAVE TO AMEND.

(2) The Court will delay entering judgment until it decides whether to allow Mr. Firsov to file the amended complaint.

(3) Mr. Firsov is ORDERED TO SHOW CAUSE in writing why this Court should not dismiss this case for lack of subject-matter jurisdiction and file the proposed amended complaint within 21 days of the date of this order.

(4) The Court DEFERS ruling on Mr. Firsov's motion for leave to amend until Mr. Firsov

United States District Court
Northern District of California

has discharged the above order to show cause.  If Mr. Firsov establishes that the Court has subject-matter jurisdiction, the Court will consider whether to allow the proposed amended complaint.

(5) Defendants may file a response to the Order to Show Cause and opposition brief to the proposed amended complaint within fourteen days of Mr. Firsov filing a proposed amended complaint.  The filing shall be limited to seven pages total for both Defendants.

(6) Mr. Firsov may file a reply within seven days of Defendants filing their opposition brief.  The filing shall be limited to four pages.

(7) This order terminates ECF Nos. 27, 29.

Dated:  February 9, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California