UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| SERGEY FIRSOV,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC, et al.,<br><br>        Defendants. | Case No.  5:25-cv-03784-BLF<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>[Re:  ECF No. 106] |

Before the Court is pro se Plaintiff Sergey Firsov's response to the Court's February 9, 2026, order to show cause, *see* ECF No. 104 ("OSC"), why the Court should not dismiss the action for lack of subject-matter jurisdiction.  ECF No. 106 ("OSC Resp.").  Defendants oppose Mr. Firsov's response, contending that the Court must dismiss this action for lack of subject-matter jurisdiction.  ECF No. 108 ("OSC Opp.").  Mr. Firsov did not file a reply.

For the following reasons, the Court concludes that it lacks subject-matter jurisdiction and that this action must be DISMISSED.

I.    BACKGROUND

On May 1, 2025, Mr. Firsov filed a complaint against Defendants United Airlines, Inc. ("United") and Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") for (1) false advertising, Cal. Bus. & Prof. Code § 17500; (2) violation of a regulation of the Department of Transportation ("DOT"), 14 C.F.R. § 399; (3) unfair and deceptive business practices under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and under the Federal Trade Commission Act, 15 U.S.C. § 45; (4) violation of the Sherman Act, 15 U.S.C. § 1; and (5) common law negligence.  ECF No. 1.  In the complaint, Mr. Firsov alleged that United advertised a $789 fare for a round-trip international ticket, that he tried unsuccessfully to purchase

the ticket online, and upon calling United's customer service, spoke to a representative who "blamed Lufthansa [A]irlines [with which United has a codeshare] and redirected [the] call." *Id.* at 3. Lufthansa apparently offered a ticket for the same route for $3000. Mr. Firsov ultimately "followed their advises [sic] and purchased" a more expensive fare, and thereafter initiated this action. *Id.*

Defendants separately moved to dismiss on September 22, 2025, and September 29, 2025. ECF Nos. 27, 29. On October 20, 2025, after briefing on the motions to dismiss was completed, Mr. Firsov moved for leave to file an amended complaint to "fix error [sic] in breach of contract claim and add claim for breach of Covenant of good faith and fair dealing." ECF No. 53 ("Mot.") at 2. This was despite there being no breach of contract claim in the complaint; Mr. Firsov also neglected to file a proposed amended complaint with the motion, as required by the local rules. See Civ. L.R. 10-1.

On February 9, 2026, the Court granted Defendants' motions to dismiss and dismissed each of Mr. Firsov's claims with prejudice. OSC at 3–8. Because the Court's order left this action without any operative pleading, the Court explained that "all that remain[ed] is the issue whether to grant leave to file an amended complaint" so that Mr. Firsov could file an amended complaint for "breach of contract and breach of the implied covenant of good faith and fair dealing." *Id.* at 9. The Court declined to rule on the motion without first having the opportunity to review the claims Mr. Firsov proposed to add and expressed "serious concerns" whether it would even possess subject-mater jurisdiction over those two state-law claims, which arise out of his having to pay $3,000 for a ticket. *Id.* at 10. The Court accordingly deferred ruling on Mr. Firsov's motion for leave to amend, ordered Mr. Firsov to comply with the local rules by filing his proposed amended complaint, and ordered Mr. Firsov to show cause why the action should not be dismissed for lack of subject-matter jurisdiction. Id. at 10–11.

Mr. Firsov filed his proposed amended complaint and OSC Response on March 2, 2026. ECF No. 105 ("Proposed FAC");[1] *see also* OSC Resp.

---

[1] Mr. Firsov failed to comply with the Court's order to file a proposed amended complaint for claims of breach of contract and claim of covenant of good faith and fair dealing, instead filing an

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Courts have a continuing obligation to ensure that they have subject matter jurisdiction over a case. Fed. R. Civ. P. 12(h)(3).  Diversity jurisdiction exists where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 348 (1977).

## III.    DISCUSSION

Mr. Firsov's OSC Response does not seriously address the issue whether the Court possesses subject-matter jurisdiction over this action, instead being primarily directed to the irrelevant issue whether the Court would theoretically have personal jurisdiction over Defendants or whether venue would be appropriate.  *See, e.g.*, OSC Resp. at 2 ("Plaintiff has personal jurisdiction for each Defendant [sic], as place of making contract and SFO, CA as place of primary business of Defendants. [sic]").  As to the amount-in-controversy requirement, Mr. Firsov simply asserts conclusorily that he "will pray for punitive damages as 10% of annual revenue of Defendant, that's more $75,000 [sic] for diversity."  *Id.*

Mr. Firsov fails to even plausibly suggest that his proposed claims belong in federal court. The amount-in-controversy requirement "encompasses all relief a court may grant on that complaint if the plaintiff is victorious" on the claims alleged in the complaint.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  The Court may look beyond such bare allegations where it appears "to a legal certainty" that the claim is really for less than the jurisdictional amount or where the amount is claimed in bad faith.  *Mireles v. Wells Fargo Bank,*

---

exhibit proposing to add claims completely unrelated to the underlying motion, namely, claims under other federal laws like the Montreal Convention and Americans with Disabilities Act, and claims that have already been dismissed with prejudice, such as negligent infliction of emotional distress.  The Court declines to address whether it would have jurisdiction over those claims and limits its analysis to whether the proposed breach of contract and breach of covenant of good faith and fair dealing claims would implicate its jurisdiction.

United States District Court
Northern District of California

*N.A.*, 845 F. Supp. 2d 1034, 1049 (C.D. Cal. 2012).  Mr. Firsov's actual alleged out-of-pocket loss is a few thousand dollars, and his additional "10% penalty" and "$75,000 emotional damages" are numbers he has plucked out of thin air without any legal foundation.  These claims are facially speculative and entirely divorced from what the Court can make out of his proposed amended claims.

The Court accordingly lacks subject-matter jurisdiction over the action.  The proposed amended complaint has been considered only to determine whether the plausible claims could reach the jurisdictional threshold of $75,000.  Excluding the fantastical amounts alleged, the Court concludes that Mr. Firsov has failed to plausibly allege subject-matter jurisdiction.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the case is DISMISSED and leave to amend is DENIED, without prejudice to re-file in state court.

Dated:  April 1, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4